IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLARENCE BROOKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-14-1221-F ) |
| GREG CAMP, | ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a pro se prisoner appearing *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Upon review of the complaint under the rules requiring screening of such cases, the undersigned magistrate judge recommends that the case be summarily **DISMISSED WITHOUT PREJUDICE.**

### I. Background

The facts alleged by Plaintiff are simple: Defendant was his court-appointed counsel in a proceeding pending in Garfield County. Complaint, 2, 2B (ECF No. 1:2,3). Plaintiff alleges the Garfield County charges were filed in April 2013, and that in September of 2013, he was picked up from the Oklahoma County jail and taken to Garfield County on a speedy trial motion. *Id.* (ECF No. 1:2,3). He alleges that during the month of October, Defendant was appointed as his counsel by the "[indigent] system of Oklahoma." Complaint, 2B (ECF No. 1:3). He alleges four deficiencies on the part of defense counsel: failure to secure a speedier trial; counsel let him participate in a "pre-

trial" hearing, which Plaintiff alleges is not provided for by the Speedy Trial Act; appointed counsel let the State call Plaintiff as a witness at the "pre-trial" hearing; and that appointed counsel told Plaintiff that if he tried to appeal his case, the State would give him ten years. Complaint, 1A2-1A4 (ECF No. 1:5-7). Plaintiff indicates that he ended up pleading "out for two years ran consecutive in the county jail." Complaint, 1A4 (ECF No. 1:7).

Plaintiff's single count is for "INEFFECTIVE COUNSEL." Complaint, 3 (ECF No. 1:4). Plaintiff states that he has begun no other state or federal court actions regarding these facts. Complaint, 4 (ECF No. 1:8).

## II. Screening Requirement

The Court must review each complaint brought by a prisoner (a) with respect to prison conditions; or (b) who is proceeding *in forma pauperis. See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915(e)(2)(B). In such circumstances, the Court is required to dismiss a complaint or any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

## III. Discussion

In order to bring a lawsuit under § 1983, a plaintiff must allege facts showing that the defendant acted under color of state law. *Lay v. Otto*, 530 F. App'x 800, 802 (10th Cir. 2013) ("This element is 'a jurisdictional requisite for a § 1983 action.'") (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 315 (1981)). State public defenders do "not act

under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Lay,* 530 F. App'x at 802 (quoting *Polk Cnty.,* 454 U.S. at 325). Although in *Lay,* the Tenth Circuit was considering claims against several federal public defenders, the court held that the absence of an allegation that the defendant was acting under color of state law required dismissal without prejudice for lack of subject matter jurisdiction. Thus, that will be the recommended disposition in this case.

The undersigned magistrate judge has considered whether Plaintiff may be attempting to attack the conviction(s) resulting from the case in which counsel's representation occurred. Even a liberal construction of the complaint does not support a claim in the nature of habeas corpus; Plaintiff gives only the sketchiest of conviction details, and seeks relief in the form of damages. Moreover, Plaintiff states that he has not begun any state court remedies, dooming any habeas claim as unexhausted at this time. Complaint, 4 (ECF No. 1:8). Finally, because of the gatekeeping provisions applicable to second and successive petitions, re-characterizing the complaint as one seeking habeas relief might be detrimental to Plaintiff. *See* 28 U.S.C. § 2244(b). Thus, the undersigned finds this action to be properly characterized as one seeking relief under § 1983, and that the Court lacks jurisdiction to entertain it because Plaintiff's court appointed defense counsel was not acting under color of state law in the course of his representation.

**IV. Recommendation**

In light of the foregoing discussion, it is hereby recommended that this action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **December 9, 2014.** Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **DISPOSES OF ALL ISSUES** referred to the undersigned Magistrate Judge in this matter.

**ENTERED** on November 20, 2014.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE